UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel.<br>AHMAD SIMMS, | )<br>)<br>) | |
| Petitioner, | )<br>) | Case No. 08 CV 687 |
| v. | )<br>) | Judge John W. Darrah |
| DONALD GAETZ,[1] | )<br>)<br>) | |
| Respondent. | ) | |

### MEMORANDUM OPINION AND ORDER

Petitioner, Ahmad Simms, a prisoner in state custody, has filed a *pro se* petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Respondent has filed a motion to dismiss the petition on the ground that it is time-barred. (Docket No. 16.) For the reasons stated below, Respondent's motion to dismiss is granted.

### BACKGROUND

On November 4, 2002, Petitioner was convicted of murder, home invasion, and armed robbery following a jury trial in the Circuit Court of Cook County. The evidence showed that Petitioner and a co-defendant, Lino Niles, broke into the apartment of an 84-year-old woman who Niles believed had recently won the lottery; Niles placed a pillow over the woman's face and shot her in the head; Petitioner then grabbed various items from the woman's home before fleeing with Niles. The trial court sentenced Petitioner to sixty years of imprisonment.

---

[1]Donald Gaetz has replaced Donald Hulick as Warden at Menard Correctional Center and is thus the proper respondent in this *habeas* action. *See* Rule 2(a) of the Rules Governing *Habeas Corpus* Cases under 28 U.S.C. § 2254. Gaetz is hereby substituted as Respondent.

1

Petitioner appealed his conviction, and the Illinois Appellate Court affirmed the conviction on July 19, 2004.

Petitioner states that he subsequently appealed his conviction to the Illinois Supreme Court, and this appeal was denied on February 3, 2005. However, Respondent has submitted an affidavit from a paralegal in the Criminal Appeals Division of the Office of the Illinois Attorney General ("AGO"), stating that the AGO has no record that a petition for leave to appeal was filed in the Illinois Supreme Court. The Illinois Supreme Court has no record of an appeal.

On June 30, 2005, Petitioner filed a petition for relief under the Illinois Post-Conviction Hearing Act. After the post-conviction trial court dismissed the petition on August 25, 2005, Petitioner appealed to the Illinois Appellate Court. On January 19, 2007, the Illinois Appellate Court granted a motion by Petitioner's appointed counsel to withdraw and affirmed the trial court's order dismissing the post-conviction petition.

Petitioner filed a petition for leave to appeal the post-conviction petition with the Illinois Supreme Court. The Illinois Supreme Court denied leave to appeal on May 31, 2007.

On January 21, 2008, Petitioner filed the instant petition for writ of *habeas corpus* by placing it in the institutional mailing system at Menard Correctional Center.

## DISCUSSION

In his petition, Petitioner sets out seven grounds for *habeas* relief as follows: (1) ineffective assistance of his appellate counsel for failing to raise on direct review that

Petitioner's confession was involuntary; (2) the State unlawfully amended the indictment when it argued and instructed the jury on the offense of accountability; (3) trial counsel was ineffective for failing to present a defense regarding the State's conduct in amending the indictment in his closing argument; (4) a sixth amendment claim of ineffective assistance of appellate counsel violation; (5) the trial court precluded the jury from considering Petitioner's defense when it instructed the jury that arguments of counsel are not evidence; (6) Petitioner was not taken to the nearest and most accessible judge without unnecessary delay to determine probable cause; and (7) Petitioner was denied his right of confrontation in that the court precluded defense counsel from cross-examining Raymond Orange.

Respondent argues Petitioner's claims are untimely and must be dismissed under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d)(1). The AEDPA imposes a one-year statute of limitations for filing *habeas* petitions. The statute reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment of filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent asserts that § 2244(d)(1)(A) applies here because Petitioner does not allege the circumstances stated in subsections (B), (C) or (D).

Under subsection (d)(1)(A), the one-year statute of limitations to file for writ of *habeas corpus* begins to run on the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." According to Respondent, this date is August 9, 2004, because at the time of Petitioner's direct appeal, Illinois Supreme Court Rule 315(b) allowed twenty-one days in which to file a petition for leave to appeal ("PLA") to the Illinois Supreme Court. The Illinois Appellate Court affirmed Petitioner's conviction on July 19, 2004; therefore, Petitioner had until August 9, 2004, to file a PLA in the Illinois Supreme Court, which he did not. The *habeas* petition was filed on January 21, 2008. Although Petitioner's post-conviction petition tolled the limitations period from June 30, 2005 through May 31, 2007 (the period Petitioner's application for post-conviction review was pending in state court), 325 untolled days elapsed before Petitioner filed his post-conviction petition, and 235 untolled days elapsed between the time his post-conviction application was denied and the time he filed this *habeas* petition. The total untolled days that elapsed well exceed the one-year limitations period prescribed in the AEDPA.

Petitioner does not dispute that § 2244(d)(1)(A) applies. His theory in support of *habeas* relief appears to be based on his contention, stated above, that he appealed his conviction to the Illinois Supreme Court after the Illinois Appellate Court affirmed his conviction on July 19, 2004. However, Respondent has adequately demonstrated that Petitioner did not directly appeal his conviction to the Illinois Supreme Court. Accordingly, for purposes of the statute of limitations under 28 U.S.C. § 2244(d)(1)(A), the one-year period for filing a *habeas* petition started to run on August 9, 2004.

Furthermore, Petitioner has not demonstrated a basis for equitable tolling. Equitable tolling is granted sparingly and excuses a timely filing when, despite reasonable diligence, a petitioner could not have learned the information he needed in order to file on time. *Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006). Despite his position that there should be equitable tolling, Petitioner does not show that he could not have learned the facts he needed to file his *habeas* petition on time. Petitioner appears to contend that Respondent's initial failure to respond to his *habeas* petition within the time frame initially set by the Court and Respondent's request for an extension of time to respond demonstrate that equitable tolling is warranted. However, Respondent's request for an extension of time to respond to the *habeas* petition did not prevent Petitioner from filing the petition as required by 28 U.S.C. § 2244(d)(1). Petitioner failed to file within the period required by 28 U.S.C. § 2244(d)(1)(A), and there is no basis for equitable tolling.

## CONCLUSION

For the reasons stated above, Respondent's Motion to Dismiss Petitioner's *habeas corpus* petition is granted. The petition is hereby dismissed.

Date: 4-16-09

APR 1 6 2009

JOHN W. DARRAH
United States District Court Judge